In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00422-CR

____________


THERESA RENEE WILLIAMS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court 

Harris County, Texas

Trial Court Cause No. 1164823






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. Appellant, Theresa Renee
Williams, pleaded guilty to the offense of prostitution fourth offender, and, in
accordance with her plea bargain agreement with the State, the trial court sentenced
appellant to confinement for one year. Along with the plea, appellant, appellant's
counsel, and the State signed a stipulation of evidence which included, among others,
the following statements: "I intend to enter a plea of guilty and understand that the
prosecutor will recommend that my punishment should be set at one year confinement
in the Harris County Jail to be assessed under TX. P.C. §12.44 A"; I agree to that
recommendation . . . Further, I waive my right of appeal which I may have should the
court accept the foregoing plea bargain agreement between myself and the prosecutor.
 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court's permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely pro se notice of appeal. 
This appeal followed.

 We conclude that the certification of the right of appeal filed by the trial
court is supported by the record and that appellant has no right of appeal due to the
agreed plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of
appeal, we must dismiss this appeal "without further action." Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006).

 

 Accordingly, the appeal is dismissed for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Keyes and Bland.


Do not publish. Tex. R. App. P. 47.2(b).